THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID HESS, Relator, *v.* DANIEL E. FINN, JR., Sheriff of New York County, Respondent.

Supreme Court, Special Term, New York County, February 5, 1941.

HABEAS CORPUS PROCEEDING.

*Milton E. Friedland,* for the relator.

*Maryenov & Martini,* for Pearl Hess.

*Jacob A. Segal,* for the respondent.

EDER, J. This is a habeas corpus proceeding seeking the release of the relator from the custody of the respondent by whom he is now detained and imprisoned under a commitment for alleged contempt of this court, predicated upon an order made in an action for divorce instituted in this court, in Kings county, by Pearl Hess against the relator, as defendant therein.

Under the amended judgment entered in that action the relator was directed to pay the sum of eight dollars per week for the support and maintenance of the infant issue of the marriage. An order of this court, dated April 13, 1940, adjudged the relator in contempt of court for failure to make the payments directed and fined him the sum of $494, but permitted him to purge himself of such contempt by paying the fine so imposed in weekly installments in addition to paying the current weekly support payments. A commitment was previously issued against the relator on August 16, 1940, under which he was apprehended on August 22, 1940; on August 23,

1940, said Pearl Hess, her attorney, and relator's then attorney entered into a private settlement agreement which provided that relator should make certain payments and procure the written guaranty of his brother that all subsequent alimony would be promptly paid by relator and further provided for relator's forthwith release from custody. This private settlement agreement was in the form of a stipulation.

An order of this court was entered on this stipulation of settlement, in the said Kings county action, dated August 26, 1940; this order unconditionally vacates the said warrant of commitment of August 16, 1940, and also the order for the issuance of the warrant of commitment, and directs relator's release and discharge from respondent's custody. Thereupon relator was released.

Relator was rearrested and again imprisoned upon an *ex parte* order and commitment for his failure to live up to the terms of the aforesaid private settlement agreement. It is alleged that relator defaulted in the terms of the stipulation of settlement in that he failed to procure the written guaranty of his brother and failed to make the payments of alimony which fell due subsequent to the date of the settlement agreement. It is also claimed that it was unnecessary for the said Pearl Hess to institute new contempt proceedings against the relator, *i. e.*, that he had not complied with the provisions of the fining order of April 13, 1940, that it was still in full force and effect and hence relator could be rearrested and again imprisoned thereunder.

I do not share this view. It is perhaps, needless to say that relator's " default " in failing to procure his brother's guaranty of payment of future installments of alimony could not possibly constitute a contempt of court; it was no part of the judgment or order of the court and hence could not possibly justify relator's rearrest and imprisonment for that reason.

As to the claim that the fining order of April 13, 1940, still remained effective and enforcible and that upon relator's failure to comply with the terms of the private settlement agreement it could thereupon be resorted to, as was done, this is an untenable contention. For one thing, the original commitment, and the order authorizing it to issue, were unconditionally vacated and the failure of relator to live up to the terms of the settlement agreement did not *ipso facto* revive or reinstate that commitment or order. When they were unconditionally vacated they became *functus officio*, and still remain so. Further than this, the private settlement agreement between the parties, and the order entered thereon, definitely and permanently terminated that contempt proceeding — as fully and effectively effaced it as though the relator had paid the fine in full; such was the legal effect thereof.

That proceeding was a civil contempt, not a criminal contempt; and while a criminal contempt is not affected by any compromise or settlement made between private parties concerning their private litigation, even though the criminal contempt arose out of the same, none the less, a civil contempt, which is to afford only remedial relief to an individual, ends with the settlement between the parties. The public is not concerned; there is an individual on one side, and the defendant, an individual, on the other; the civil contempt proceeding necessarily ends with the settlement of the matter between the parties, and of which it is a part. (*Leman* v. *Krentler-Arnold Co.*, 284 U. S. 448, 453; Dangel on Contempt [1939 ed.], § 413, p. 181.)

The relator is clearly being deprived of his liberty without due process of law for the present warrant of commitment, allowed on January 22, 1941, upon which he is now detained and imprisoned, is a nullity. The cases cited to sustain the relator's arrest are inapplicable because there is no similarity in the factual situation. Relator is entitled to his release.

Writ of habeas corpus sustained and relator's forthwith discharge is directed.