In the Matter of Supplementary Proceedings: JOHN DE RIENZO, Judgment Creditor, *v.* DOMINICK M. BORRELLI and ANNA M. BORRELLI, Judgment Debtors.

Supreme Court, Special Term, Bronx County, July 29, 1942.

*Nathaniel Phillips*, for the judgment creditor.

*Alfred Ekelman*, for the judgment debtors.

EDER, J. This is a motion by the judgment creditor to punish the judgment debtor Dominick M. Borrelli for contempt for wilfully testifying falsely at an examination in proceedings supplementary to judgment. The judgment debtor was examined, as the court is informed, by counsel, on March 3, 16 and 20, 1940; the judgment debtor Anna M. Borrelli, his wife, was examined on March 3 and 20, 1942; his niece Julia D'Orazio was examined on March 25 and April 29, 1942, and one August H. Hillers, of the Hillers-Thompson Corporation, was examined on May 7, 1942.

Thereafter, following suit instituted in this court to set aside conveyances made by Mrs. Borrelli to D'Orazio and from her to the Hillers-Thompson Corporation, and on June 2, 1942, a stipulation of settlement was entered into between the parties, which, among other terms, provided for instalment payments and contained the further provision that, upon default in the payment of any of the instalments specified, after three days' notice, plaintiff should have the right to enter judgment setting aside the conveyances.

The judgment debtor defaulted in fulfillment of the terms of settlement, and thereafter the movant, as plaintiff in that action, moved for judgment on the stipulation, and on June 18, 1942, this court awarded him judgment decreeing that the conveyance by Mrs. Borrelli to Julia D'Orazio was fraudulent and void as against the movant, and set said conveyance aside and decreed that the conveyance from D'Orazio to the Hillers-Thompson Corporation was likewise fraudulent and void and set the same aside. The judgment further impressed a lien upon the property covered by said fraudulent deeds in favor of the judgment creditor herein in the sum of $9,350.75, the amount of the judgment previously recovered, with interest from February 25, 1942, and $128.55 costs.

In so far as the papers submitted upon this application are concerned, it does not appear that this lien has ever been foreclosed, or, if it has, what sum the movant has received and applied on account of the judgment. Assuming, however, that the lien has not been foreclosed and that nothing has been received on account of the judgment, yet I am unable to see that the judgment creditor can successfully maintain this proceeding, even if it be the fact that perjury was committed by the judgment debtor, as charged, in view of the fact that the parties settled the matter as attested by the stipulation of settlement referred to. That settlement necessarily was a condonement of the act charged as the basis of this contempt proceeding and necessarily carried with it the waiver of any and all right to proceed against the respondent herein; for implicit in such settlement was a complete divestment of all remedies against the respondent then available.

It is held that a civil contempt proceeding may be the subject of a compromise or settlement made between private parties concerning their private litigation; that as respects that feature the public is not concerned; there is an individual on one side, and the defendant, an individual, on the other. The civil contempt proceeding necessarily ends with the settlement of the matter between the parties, and of which it is a part, and if thereafter the debtor fails to comply with the terms of settlement the contempt proceeding may not be revived or reinstated *ipso facto* (*People ex rel. Hess* v. *Finn*, 176 Misc. 407); that by such private settlement agreement between the parties, made unconditional as to revival of remedies in the event of default, the right to punish for contempt is conclusively gone.

Thus, if here, for instance, the respondent had been adjudged in contempt and thereafter a stipulation of settlement was entered into and respondent defaulted, the judgment creditor's right to again proceed against the contemnor would, ordinarily, be gone, in the absence of some saving provision.

Here, while the right existed to invoke contempt proceedings and during a period when it might have been invoked the movant voluntarily entered into an agreement of settlement with the judgment debtor, without reservation of any kind with regard to any right or remedy to proceed against the respondent in the event of his failure to live up to the terms of the settlement; this was a waiver and relinquishment of any right to proceed against the respondent for contempt for the alleged misconduct now charged as the foundation of this application.

The movant by such settlement necessarily elected to take the terms of the settlement and the security thereunder, as the **deed**

in escrow, in lieu of any remedy then available, and it may be remarked that the agreement of settlement, as its terms reveal, is predicated on a valid consideration.

For the reasons stated I am of opinion that this application cannot prevail. Accordingly, the motion is denied.